## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JUDITH LUKAS, on behalf of herself, individually, and on behalf of all others similarly situated,** | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 1:14-cv-2740** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ADVOCATE HEALTH CARE NETWORK AND SUBSIDIARIES, an Illinois Non-profit Corporation, ADVOCATE HEALTH CARE NETWORK, an Illinois Non-profit Corporation, EHS HOME HEALTH CARE SERVICE, INC., d/b/a ADVOCATE AT HOME AND ADVOCATE HOME HEALTH CARE SERVICES, an Illinois Non-profit Corporation,** | ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

_____

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff JUDITH LUKAS, individually and on behalf of all other similarly situated employees ("Plaintiffs"), by and through their counsel, brings this collective action under the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* ("FLSA"), class action under Federal Rule of Civil Procedure 23 and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.* against Defendants ADVOCATE HEALTH CARE NETWORK AND SUBSIDIARIES, ADVOCATE HEALTH CARE NETWORK, EHS HOME HEALTH CARE SERVICE, INC., d/b/a ADVOCATE AT HOME and ADVOCATE HOME HEALTH CARE SERVICES ("Defendants"), and allege upon personal belief as to herself and her own acts, and as for all

other matters, upon information and belief, and based upon the investigation made by her counsel, as follows:

## NATURE OF THE ACTION

1.     This action arises out of Defendants' systematic, companywide wrongful classification of Plaintiff and hundreds of other similarly situated home health clinicians as exempt from the overtime compensation requirements of the FLSA and IMWL.  These persons worked for Defendants as registered nurses, occupational therapists, and physical therapists who provide health care services to patients in their homes (collectively "Clinicians").  Specifically excluded from the definition of "Clinician", as used herein, are persons who care for infusion therapy, pediatric and hospice patients.

2.     For an employer to properly exempt an employee from the overtime compensation requirements of the FLSA and IMWL, Defendants must strictly and affirmatively establish both that the employee performs duties which meet one of the categories for exemption, and also that the employee is compensated on either a "salaried" basis or a "fee" basis.  Defendants, pursuant to their standardized pay practices and policies, pay Plaintiffs based on a combined "per visit" and hourly basis.  This combined "per visit" and "hourly basis" pay scheme does not comport with either the salaried basis or the fee basis requirements of the FLSA or the IMWL. Accordingly, Defendants cannot meet their burden of establishing Plaintiffs are exempt and have wrongly deprived Plaintiffs of earned overtime compensation in violation of the FLSA and IMWL

3.     During the relevant statutory period, Defendants have maintained a corporate policy and practice of paying Clinicians pursuant to a compensation method which includes "per visit"

payments for some work, hourly payments for other work, and no payments whatsoever for other work.

4.    Defendants pay Clinicians at an hourly rate of pay for time spent in staff meetings, continuing education training, and, in the case of Registered Nurses, while "on call." Clinicians are also paid an hourly rate when on paid time off (PTO).

5.    Defendants pay Clinicians on a "per visit" basis for time spent visiting patients based on a consistent visit rate for each visit completed of a certain type.  For example, all routine visits are paid at the Clinicians' routine rate, all start of care, recertification and resumption of care visits are paid at a start of care rate, all "telemanagement" visits are paid a telemanagement visit rate, and all attempted visits are paid at an attempted visit rate. These visit rates are based on the estimated amount of time the home visit was expected to take.  Similarly, Defendants pay Clinicians a specific rate for performing other tasks.  For example, Clinicians are paid a "lab drop off rate" for dropping off lab specimens which is also based on the estimated amount of time a lab drop off was expected to take.

6.    Defendants do not pay Clinicians any sums for a multitude of other work tasks they routinely perform, including but not limited to, completing documentation of patient visits ("charting"), calls with patients, physicians and other medical care providers, emails with Defendants, scheduling and planning patient visits and daily travel routes, taking online surveys, completing safety event reports, attempted telemanagement visits, giving and receiving report via voicemail, and ordering medical equipment and supplies.

7.    Based upon their compensation practice and policy, Defendants uniformly misclassify Clinicians as exempt employees.

8.    Defendants failed to compensate Plaintiffs for all overtime wages earned.

3

9.     Accordingly, Defendants are liable for their failure to pay Plaintiff and other similarly-situated employees for time worked in excess of forty (40) hours in given workweeks at one and one-half times their regular rate.

## JURISDICTION AND VENUE

10.     This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."  The representative Plaintiff has signed an opt-in consent form to join this lawsuit.  (Exhibit A).

11.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

12.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

13.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants reside in and do business within this District.  In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

14.     JUDITH LUKAS is a resident of Illinois who worked for Defendants as a Clinician during the applicable statute of limitations period and was paid on per visit and hourly basis.

15.     At all relevant times, JUDITH LUKAS was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. §203(e)(1) and IMWL 820 ILCS 105/3(d).

16.     At all relevant times, Defendant ADVOCATE HEALTH CARE NETWORK AND SUBSIDIARIES has been a non-profit corporation organized under, and governed by, Illinois law, a citizen of Illinois, and has offices throughout this District.

4

17.     At all relevant times, Defendant ADVOCATE HEALTH CARE NETWORK has been a non-profit corporation organized under, and governed by, Illinois law, a citizen of Illinois, and is the parent of Defendant ADVOCATE HEALTH CARE NETWORK AND SUBSIDIARIES.

18.     At all relevant times, Defendant EHS HOME HEALTH CARE SERVICE, INC., d/b/a ADVOCATE AT HOME and ADVOCATE HOME HEALTH CARE SERVICES, has been a non-profit corporation organized under, and governed by, Illinois law, a citizen of Illinois, and has offices throughout this District.

19.     At all relevant times, each Defendant was "employer" as defined by the FLSA, 29 U.S.C. §203(d) and IMWL, 820 ILCS 115/2.

## FACTUAL ALLEGATIONS

20.     As an Clinician, Plaintiff JUDITH LUKAS, like those she seeks to represent, was required, among other things, to provide care to patients in their homes, complete documentation of patient health and visits ("charting"), communicate with patients, physicians and other medical care providers, and participate in various meetings and training at their branch locations, order supplies and remain "on call" during designated times. Defendants compensated JUDITH LUKAS at a base rate for routine visits, and at higher rates for start of care, recertification visits and resumption of care visits, which take longer than routine visits. Defendants correspondingly compensated JUDITH LUKAS at lower rates for telemanagement visits, which are expected to take less time than routine visits. Defendants set visit rates based on estimates of the amount of time each type of visit is expected to take.

21.     Defendants compensated JUDITH LUKAS at an hourly rate for time spent in staff meetings, continuing education training and while "on call."

22.     Defendants failed to compensate JUDITH LUKAS for time worked performing certain tasks including, but not limited to, work performed before and after patient visits such as charting, calls with patients, physicians and other medical care providers, emails with Defendants, scheduling and planning patient visits and daily travel routes, taking online surveys, completing safety event reports, attempted telemanagement visits, giving and receiving report via voicemail, and ordering medical equipment and supplies.

23.     Defendants classified JUDITH LUKAS as an exempt employee under the FLSA and IMWL and did not pay her overtime wages despite working in excess of forty (40) hours in given workweeks.

24.     JUDITH LUKAS was directed by Defendants to work, and routinely worked in excess of forty (40) hours in given workweeks, but was not compensated for overtime wages earned at a rate of one and half times her regular rate.

25.     Defendants misclassified JUDITH LUKAS and all other similarly-situated Clinicians as exempt from the FLSA and IMWL.

## FLSA COLLECTIVE ACTION ALLEGATONS

26.     Plaintiff brings claims on her own behalf and as a representative of all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. §216(b), to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

27.     Plaintiff brings this action under the FLSA on behalf of the following collective class of similarly situated employees:

> All individuals who were employed or are currently employed by the Defendants as Clinicians in their Home Health Care Division during the three (3) years prior to the date of the commencement of this action through the date of judgment in this action, and who were paid on a per visit and hourly basis, and who were not

6

paid all overtime compensation due for time worked in excess of forty (40) in given workweeks. (the "FLSA class")

28.    This action is properly maintained as a collective action because the representative Plaintiff is similarly situated to the members of the FLSA class with respect to their training, job duties and compensation plan, and are all subject to a common practice, policy or plan in which Defendants suffered and permitted them to perform work for the benefit of Defendants in excess of forty (40) hours in given workweeks without compensation at time-and-a-half.

29.    Defendants knew or should have known that they had misclassified members of the FLSA class as exempt.

30.    Defendants knew or should have known that members of the FLSA class worked in excess of forty (40) hours in given workweeks.

31.    Defendants' conduct, as alleged herein, was willful.

32.    There are hundreds of similarly situated current and former Clinicians who Defendants misclassified in violation of the FLSA and who would benefit from the issuance of court-supervised notice and an opportunity to join the present action if they choose.

33.    The precise number of FLSA class members can be easily ascertained by using Defendants' payroll and personnel records. Given the composition and size of the class, members of the FLSA class may be informed of the pendency of this action directly via U.S. mail, e-mail and otherwise.

**IMWL CLASS ALLEGATIONS**

34.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiff brings claims on her own behalf and as representative of all other similarly situated individuals pursuant to the IMWL, 820 ILCS 105/1, *et seq*. to recover unpaid wages, unpaid overtime compensation,

unlawfully withheld wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

35.     Section 105/4(a) of the IMWL requires employers to pay employees one and one half times their regular rate for all hours worked over forty (40) per work week.  Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

36.     Plaintiff seeks class certification under Rule 23 of the Federal Rules of Civil Procedure for the following class of similarly situated employees under the IMWL:

> All individuals who were employed or are currently employed by the Defendants as Clinicians in their Home Health Care Division during the three (3) years prior to the date of the commencement of this action through the date of judgment in this action, and who were paid on a per visit and hourly basis, and who were not paid all overtime compensation due for time worked in excess of forty (40) in given workweeks (the "IMWL class").

37.     This action is properly maintained as a class action under Rules 23(a) and (b) because:

A.     The class is so numerous that joinder of all members is impracticable;

B.     There are questions of law or fact that are common to the class;

C.     The claims or defenses of the Named Plaintiff are typical of the claims or defenses of the class; and,

D.     The Named Plaintiff will fairly and adequately protect the interests of the class.

**Numerosity**

38.     The total number of putative class members is well in excess of 100 individuals.  The exact number of class members may easily be determined from Defendants' payroll records.

**Commonality**

39.     There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the IMWL class in that Plaintiff and all members of the class have

8

been harmed by Defendants' failure to compensate current and former Clinicians for all time worked in excess of forty (40) hours in given workweeks. The common questions of law and fact include, but not limited to the following:

A. Whether Defendants misclassified Plaintiff and the class as exempt from the overtime requirements of the IMWL;

B. Whether Defendants failed to keep true and accurate records of the amount of time Plaintiff and the class actually worked; and,

C. Whether Plaintiff suffered damages and the proper measure of those damages.

40. Plaintiff anticipates that Defendants will raise defenses that are common to the class.

## Adequacy

41. The Named Plaintiff will fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and class members. Plaintiff, moreover, has retained experienced counsel that is competent in the prosecution of complex litigation and who have extensive experience acting as class counsel specifically for wage and hour litigation.

## Typicality

42. The claims asserted by the Named Plaintiff are typical of the class members she seeks to represent. The Named Plaintiff has the same interests and suffers from the same unlawful practices as the class members.

43. Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Rule 23.

**Predominance and Superiority**

44. The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

45. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

46. Plaintiff incorporates by reference all preceding paragraphs.

10

47. Plaintiff and other Clinicians employed by Defendants are similarly situated within the meaning of the FLSA, 29 U.S.C. §216(b).

48. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

49. Defendants willfully engaged in a widespread pattern and practice of violating the FLSA by misclassifying Plaintiff and similarly situated employees as "exempt", and thereby failing and refusing to pay them the overtime wage compensation as required by law and in accordance with Sections 206 and 207 of the FLSA.

50. Plaintiff and members of the FLSA class are not subject to any exemption.

51. Defendants failed to create or maintain accurate records of the time Plaintiff and the FLSA class worked in violation of the FLSA, 29 U.S.C. § 211(c).

52. As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA class have suffered and will continue to suffer a loss of income and other damages.

53. Defendants did not make a good faith effort to comply with the FLSA with respect to the compensation of their Clinicians.

54. As a result of Defendants' unlawful acts, they are liable to Plaintiff and the FLSA class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

55. Plaintiff is also entitled to injunctive relief to prevent Defendants from continuing its violation of the FLSA and other appropriate class-wide injunctive relief.

## COUNT II

## VIOLATION OF ILLINOIS MINIMUM WAGE LAW

56.    Plaintiff incorporates by reference all preceding paragraphs.

57.    Plaintiff is a member of a class that meet the requirements for certification and maintenance of a class action pursuant to Rule 23.

58.    The IMWL, 820 ILCS §§105 *et seq.*, requires employers to pay employees minimum wages for all hours worked.  Section 105/4(a) of the IMWL requires employers to pay employees one and one half times their regular rate for all hours worked over forty (40) per work week. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

59.    Defendants engaged in a widespread pattern and practice of violating the IMWL by misclassifying Plaintiff and similarly situated employees as "exempt", and thereby failing and refusing to pay them the overtime wage compensation as required by law and in accordance with Section 105/4(a) of the IMWL.

60.    Plaintiff and members of the IMWL class are not subject to any exemption.

61.    Defendants failed to create or maintain accurate records of the time Plaintiff and the IMWL class worked in violation of the IMWL, 820 ILCS 105/8.

62.    As a result of Defendants' violations of the IMWL, Plaintiff and the IMWL class have suffered and will continue to suffer a loss of income and other damages.

63.    As a result of Defendants' unlawful acts, they are liable to Plaintiff and other IMWL class members for actual damages, liquidated damages and equitable relief, as well as reasonable attorneys' fees, costs and expenses.

64.     Plaintiff is also entitled to injunctive relief to prevent Defendants from continuing its violation of the IMWL and other appropriate class-wide injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, JUDITH LUKAS, individually and on behalf of all others similarly situated, by and through their attorneys, demand judgment against the Defendants, and each of them, jointly and severally, and in favor of the Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and as follows:

A.     Certify a collective action under Count I and designate Plaintiff as representative of all those employees similarly situated;

B.     Order the Defendants to file with this Court and furnish to counsel a list of all names, telephone numbers, home addresses and email addresses of all Clinicians who have worked for the Defendants within the last three years;

C.     Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all Clinicians who have worked for the Defendants within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

D.     Certify a class action under Counts II;

E.     Appoint Stephan Zouras, LLP as counsel for the Plaintiffs under Rule 23(g);

F.     Declare and find that the Defendants committed one or more of the following acts:

    i.  Violated the overtime provisions of the FLSA by misclassifying Plaintiffs and similarly situated employees who opt-in to this action;

    ii.  Willfully violated provisions of the FLSA;

    iii.  Violated the overtime provisions of the IMWL by misclassifying Plaintiff and similarly situated employees; and,

G.     Award compensatory damages in the amount of one and one-half times Plaintiff's and similarly situated persons' regular rate of pay for all time they worked in excess of forty (40) hours per week under the FLSA;

H.  Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid under the IMWL;

I.  Award liquidated damages in an amount equal to the amount of unpaid overtime compensation found due under the FLSA;

J.  Award all costs and reasonable attorneys' fees incurred prosecuting this claim under the FLSA and IMWL;

K.  Grant leave to amend to add claims under applicable state and federal laws;

L.  Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

M.  For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated:  April 16, 2014                    Respectfully Submitted,

*/s/ James B. Zouras*
James B. Zouras
Ryan F. Stephan
Andrew C. Ficzko
Teresa C. Becvar
Stephan Zouras, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
312-233-1560 f
www.stephanzouras.com

**ATTORNEYS FOR THE PLAINTIFFS**