# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **JUDITH LUKAS,** | ) | |
| | ) | |
| Plaintiff, | ) | No. 14-cv-2740 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| **ADVOCATE HEALTH CARE NETWORK AND SUBSIDIARIES, ADVOCATE HEALTH CARE NETWORK, and EHS HOME HEALTH CARE SERVICE, INC.,** | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendants' motion to dismiss noncompliant opt-ins [61] is granted in part and denied in part. Opt-in plaintiffs Scharmaine Davis, Marsha Jones-Brooks, Kelly Simmons, and Ellen Wilkinson are dismissed with prejudice.

## STATEMENT

Judith Lukas ("Plaintiff") filed this suit against Advocate Health Care Network and Subsidiaries, Advocate Health Care Network, and EHS Home Health Care Service, Inc. (collectively, "Defendants") on April 16, 2014, bringing a collective action claim for violations of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law. (Compl., Dkt. # 1.)

Under the FLSA, one employee may file suit on behalf of others who are similarly situated, provided that each similarly situated employee opts into the suit in writing. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his

consent in writing to become such a party"). After potential plaintiffs have been given an opportunity to opt in, the parties engage in discovery to determine "whether the representative plaintiff and the putative claimants are in fact similarly situated" such that the suit can proceed as a collective action. *Persin v. Careerbuilder, LLC*, No. 05 C 2347, 2005 WL 3159684 at *1 (N.D. Ill. Nov. 23, 2005).

The Court granted Plaintiff's motion for conditional collective action certification on September 24, 2014, allowing representative discovery to commence. (Dkt. # 34.) Pursuant to the parties' Joint Proposed Discovery Plan and Schedule, Defendants were permitted to issue up to ten interrogatories and ten document requests to each of the 41 opt-in plaintiffs. (Dkt. # 53.) The Court also permitted Defendants to choose nine opt-ins to depose, as well as five alternates who could be deposed if any of the nine selected opt-ins failed to appear. (*Id.*) This case is now before the Court on Defendants' motion to dismiss individuals who have opted into the collective action but failed to fulfill all of their discovery obligations. (Mot. Dismiss Noncompliant Opt-ins, Dkt. # 61.)

At the time Defendants' motion was filed, 11 of the 41 opt-ins had failed to provide written responses to discovery and 22 had failed to produce documents. (*Id.*, at 2.) Two opt-ins also failed to appear for their scheduled depositions yet did not voluntarily dismiss their claims. (*Id.*, at 3.) Discovery continued after Defendants filed their motion, resulting in several of the noncompliant opt-ins completing their discovery obligations. Only five opt-ins remain noncompliant, and Plaintiff does not object to the dismissal of four of these. (Pl.'s Resp., Dkt. # 71, at 2.) Accordingly, opt-in plaintiffs Scharmaine Davis, Marsha Jones-Brooks, Kelly Simmons, and Ellen Wilkinson are dismissed with prejudice for failure to comply with their discovery obligations. Only one opt-in – Cierra Lee – remains in dispute. Ms. Lee has provided

written discovery responses but did not appear for her scheduled deposition. Defendants move to dismiss Ms. Lee from this action with prejudice.

Dismissal is an available remedy for the failure to comply with an order compelling discovery, as well as for a party's failure to attend her own deposition. Fed. R. Civ. P. 37(b)(2), 37(d)(1); *see also Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009). In the context of discovery violations, however, dismissal is considered a "draconian" sanction and may be properly imposed only where a district court makes a "finding of willfulness, bad faith or fault" and "first considers and explains why lesser sanctions would be inappropriate." *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003); *see also Powers v. Chi. Transit Auth.*, 890 F.2d 1355, 1362 (7th Cir. 1989) (declining to dismiss noncompliant opt-ins, noting that dismissal is appropriate only where "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing").

Defendants rely on *Porter v. West Side Restaurant, LLC,* No. 13-1112-JAR-KGG, 2014 WL 5430249 (D. Kan. Oct. 24, 2014*)* for the proposition that "the refusal of opt-ins to sit for depositions warranted dismissal with prejudice." (Defs.' Reply, Dkt. # 73, at 2.) *Porter* is, however, distinguishable in a number of material respects. There, the defense had made a timely motion to compel, the noncompliant opt-ins were warned that they faced dismissal when the court issued a Rule to Show Cause, and both parties agreed that dismissal was appropriate – the only dispute was over whether that dismissal should be with prejudice. *See Porter*, 2014 WL 5430249 at *2 (D. Kan. Oct. 24, 2014). None of those factors are present here. Defendants' reliance on *Oropeza v. Appleillinois, LLC*, No. 06 C 7097, 2010 WL 3034247 (N.D. Ill. Aug. 3, 2010) is similarly unavailing. In *Oropeza*, the court dismissed without prejudice opt-ins who had failed to both appear for depositions and respond to written discovery requests. Yet the court

3

*denied* the motion to dismiss opt-ins who had failed to appear for depositions but had responded to written discovery – even though the court there had granted a motion to compel those depositions, unlike the situation here. *See Oropeza*, 2010 WL 3034247 at *7 (N.D. Ill. Aug. 3, 2010) (declining to dismiss opt-ins who failed to appear for depositions "[b]ecause they have expressed continued interest in pursuing the litigation"). Because Ms. Lee responded to written discovery requests, she has expressed interest in pursuing this litigation. *Oropeza* therefore undermines rather than supports Defendants' position that dismissal is the appropriate sanction for her failure to sit for a deposition.

Defendants had prior notice that Ms. Lee would not appear for her scheduled deposition, and were able to work with Plaintiff to secure an alternative opt-in to depose. The Court's discovery orders did not permit Defendants to depose every opt-in plaintiff, instead allowing Defendants to choose a representative sample of nine opt-ins. Because the parties were able to secure a replacement deponent, Defendants still had the opportunity to depose nine opt-ins and the prejudice to Defendants from Ms. Lee's failure to appear is minimal. Moreover, Defendants did not move to compel Ms. Lee's deposition during the course of discovery despite notice that she would not appear, instead waiting until the final day for discovery motions to move for dismissal. Dismissal of noncompliant opt-ins is not appropriate where a defendant failed to move to compel the depositions prior to seeking dismissal. *See Russell v. Illinois Bell Tel. Co*., No. 08 C 1871, 2009 WL 1209025, at *2 (N.D. Ill. Apr. 30, 2009) (denying motion to dismiss opt-ins who failed to sit for depositions "in light of the fact that [defendant] did not, before seeking dismissal, move to compel their depositions"). Defendants have also failed to offer clear and convincing evidence of bad faith such that dismissal of Ms. Lee is warranted. *See Maynard,* 332

F.3d at 468 (holding that "a court must have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case").

In light of the minimal prejudice to Defendants from Cierra Lee's noncompliance, the absence of clear and convincing evidence showing bad faith, and Defendants' failure to move to compel Ms. Lee's testimony, the motion to dismiss Ms. Lee is denied.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss noncompliant opt-ins [61] is granted in part and denied in part. Opt-in plaintiffs Scharmaine Davis, Marsha Jones-Brooks, Kelly Simmons, and Ellen Wilkinson are dismissed with prejudice. The motion to dismiss Cierra Lee is denied.

**SO ORDERED.**                        **ENTERED:**    June 10, 2015

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**