THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUDITH LUKAS, on behalf of herself, individually, and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | Case No. 1:14-cv-2740 |
| v. ) ) | Honorable Judge Ronald A. Guzmán |
| ADVOCATE HEALTH CARE NETWORK AND SUBSIDIARIES, an Illinois Non-profit Corporation, ADVOCATE HEALTH CARE NETWORK, an Illinois Non-profit Corporation, EHS HOME HEALTH CARE SERVICE, INC., d/b/a ADVOCATE AT HOME AND ADVOCATE HOME HEALTH CARE SERVICES, an Illinois Non-profit Corporation, ) ) ) ) ) ) ) ) ) | Magistrate Judge Sheila Finnegan |
| Defendants. | |

**FINAL APPROVAL ORDER AND FINAL JUDGMENT**

On June 29, 2016, the Court heard the Parties' Joint Motion for Final Approval of Class and Collective Action Settlement. The Court has considered the Motion and other related materials submitted by the Parties, as well as the Parties' presentation at the hearing on final approval, and otherwise being fully informed on the premises, hereby finds and orders as follows:

1. This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1331 and § 216(b) of the Fair Labor Standards Act ("FLSA") and has supplemental jurisdiction over Plaintiffs' Illinois Minimum Wage Law ("IMWL") claims pursuant to 28 U.S.C. § 1367(a), including jurisdiction over all members of the Settlement Class.

2. The Court finds that there is a bona fide legal dispute between the Parties as to whether Class Members were correctly classified as exempt for overtime purposes and whether Class Members are owed any overtime compensation.

3. The Court grants final approval of the Settlement memorialized in the Settlement Agreement and filed with the Court.

4. The Court finds that the Settlement is fair, reasonable and adequate, and in the best interests of the Class Members. The Court finds that: (a) the strength of Plaintiffs' case on the merits weighed against Defendants' defenses, and the complexity, length and expense of further litigation, support approval of the Settlement; (b) the Gross Settlement Amount of $4,750,000.00 as set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the Parties; (d) the support for the Settlement expressed by Class Counsel and counsel for Defendants, both of whom have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Class Members supports approval of the Settlement; and (f) the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement.

5. The Court approves the Settlement as a final, fair, reasonable, adequate, and binding release of the claims of Named Plaintiff, Pre-Settlement Opt-In Plaintiffs, and the Class Members as provided in the Settlement Agreement.

> a. Upon the entry of the Final Approval Order by the Court, the Named Plaintiff and each of the Pre-Settlement Opt-In Plaintiffs, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, remises, releases and forever discharges all claims,

obligations, demands, actions, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted against the Released Parties, whether in common law, tort, contract, or for violation of any local, state or federal statute, rule or regulation arising out of, relating to, or in connection with any act or omission by or on the part of the Released Parties committed or omitted prior to the date of Final Approval, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, overtime wages, penalties of any nature whatsoever, attorneys' fees and costs, whether known or unknown, including but not limited to claims under Title VII of the Civil Rights Act of 1964, as amended, the Employee Retirement Income Security Act of 1974, as amended, the Americans with Disabilities Act, the Family and Medical Leave Act, the Rehabilitation Act of 1973 and the Vietnam Era Veterans Readjustment Adjustment Act of 1974, as amended, Fair Labor Standards Act, Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, and/or any other local, state or federal law, provided that nothing in this paragraph shall release or preclude any claims brought in the matter of *Stapleton, et. al. v. Advocate Health Care Network, et. al.*, Case No. 14-cv-1873, currently pending in the United States District Court for the Northern District of Illinois, any claims that cannot be waived or released as a matter of law, any claims to workers' compensation or unemployment benefits, or any right to file a charge with or participate in an investigation conducted by the United States Equal Employment Opportunity Commission, the National Labor Relations Board, or similar agency, but Named Plaintiff and Pre-Settlement Opt-In Plaintiffs agree to forfeit any monetary recovery or other relief should the EEOC, NLRB, or any other agency pursue claims on their behalf ("General Release"). Named Plaintiff and each of the Pre-Settlement Opt-In Plaintiffs enter into this General Release in consideration of the payments and promises set forth in this Agreement.

b.  Upon the entry of the Final Approval Order by the Court, the Class Members who have not validly and timely opted-out, and the Class Members who submitted a timely and valid Withdrawal of Opt-Out Form, without regard to whether the Class Member timely submitted a Claim and Opt-In Form, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, remises, releases and forever discharges all claims, obligations, demands, actions, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted against the Released Parties, whether in common law, tort, contract, or for violation of any local, state or federal statute, rule or regulation arising out of, relating to, or in connection with the nonpayment or inaccurate payment by any Released Parties of overtime compensation through the date of Final Approval, including without limitation all claims for restitution and

other equitable relief, liquidated damages, compensatory damages, punitive damages, overtime wages, penalties of any nature whatsoever, attorneys' fees and costs, whether known or unknown, including but not limited to claims under the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act ("Released State Law Claims").

c.  In addition, upon the entry of the Final Approval Order by the Court, the class members who timely submitted a Claim and Opt-In Form, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, remises, releases and forever discharges all claims, obligations, demands, actions, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted against the Released Parties under the Fair Labor Standards Act, arising out of, relating to, or in connection with the nonpayment or inaccurate payment by any Released Parties of overtime compensation through the date of Final Approval, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, overtime wages, penalties of any nature whatsoever, attorneys' fees and costs, whether known or unknown ("Released Federal Law Claims").

d.  The Class Members who have not validly and timely opted-out and the Class Members who submitted a timely and valid Withdrawal of Opt-Out Form, without regard to whether they timely submitted a Claim and Opt-In Form understand and agree that the settlement of Plaintiffs' claims under the Illinois Minimum Wage Law offsets, and effectively moots, any damages attendant to (*i.e.*, that could be recovered pursuant to) claims under the Fair Labor Standards Act, regardless of whether individual class members elect to consent to pursue those claims in this action.

6.  All Class Members who timely submitted a Claim and Opt-In Form irrevocably consent to join and opt into the FLSA collective action in this Lawsuit and authorize Class Counsel to file with the Court their consents to join.

7.  The Notice of Proposed Settlement of Class and Collective Action Lawsuit ("Class Notice") and related materials (collectively, "Notice Materials"), sent to the Class Members by the Settlement Administrator via first class mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to them to obtain monetary relief, their right, as applicable,

to request exclusion from the Settlement and pursue their own remedies, their opportunity to file written objections and appear and be heard at the Final Approval Hearing, and, as applicable, their right to rejoin the lawsuit by withdrawing their previous opt-out form. The Notice Materials also adequately informed the Class Members of the address to contact the Settlement Administrator and informed the Class Members of addresses to contact both Class Counsel and Defendants' Counsel. Thus, the Court finds that the Notice Materials provided to the Class satisfied the requirements of Rule 23(c)(2)(B) and the FLSA.

8. Kurtzman Carson Consultants LLC ("KCC") is administering the Settlement pursuant to the Settlement Agreement, with the assistance of Class Counsel and Defendants' counsel. KCC shall distribute settlement checks to each member of the Settlement Class who timely submitted a Claim and Opt-in Form as well as to the Named Plaintiff and 36 Pre-Settlement Opt-In Plaintiffs, in accordance with the provisions of the Settlement Agreement.

9. This Court hereby dismisses the case in its entirety with prejudice, without awarding costs to the Parties except as provided in the Settlement Agreement, and approves the Settlement and releases set forth in the Settlement Agreement. The Court shall retain jurisdiction solely for the purpose of enforcing the deposit of the Gross Settlement Amount as set forth in the Settlement Agreement and ensuring that all consents to join are filed with the Court.

IT IS SO ORDERED.

Dated: June 29, 2016

*[signature: Sheila Finnegan]*

The Honorable Sheila Finnegan
United States Magistrate Judge